UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lily Poss, | Court File No. 13-cv-2951 RHK-SER |
| Plaintiff, | |
| v. | ANSWER |
| Eagle Lake Family Dentistry, P.A., | |
| Defendant. | |

Eagle Lake Family Dentistry, P.A. ("Eagle Lake") denies each and every allegation in Plaintiff Lily Poss's Complaint, except as specifically admitted, qualified, or alleged in this Answer, and further states in Answer to the Complaint as follows:

## INTRODUCTION

1. With respect to paragraph 1, Eagle Lake denies the allegations.

2. With respect to paragraph 2, Eagle Lake lacks sufficient information to admit or deny whether Plaintiff has a disability and, therefore, denies the same. Eagle Lake denies the remainder of the allegations in paragraph 2.

3. With respect to paragraph 3, Eagle Lake denies the allegations.

4. With respect to paragraph 4, Eagle Lake denies the allegations.

5. With respect to paragraph 5, Eagle Lake denies the allegations.

6. With respect to paragraph 6, Eagle Lake denies that Plaintiff is entitled to the relief she alleges she is seeking in that paragraph.

5787532v1

## JURISDICTION AND VENUE

7. With respect to paragraph 7, the allegations are legal conclusions to which no responses are required. Eagle Lake admits that Plaintiff's Complaint includes a federal cause of action arising under Title III of the Americans with Disabilities Act. To the extent the remainder of the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

8. With respect to paragraph 8, Eagle Lake admits that it transacts business in Minnesota. The remainder of the allegations are legal conclusions to which no responses are required. To the extent the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

## PARTIES

9. With respect to paragraph 9, Eagle Lake lacks sufficient information to admit or deny whether Plaintiff is a U.S. Citizen, whether she is a resident of Minnesota, or whether she suffers from a legal disability, and, therefore, denies the same. The remainder of the allegations are legal conclusions to which no responses are required. To the extent the remainder of the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

10. With respect to paragraph 10, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same.

11. With respect to paragraph 11, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake further denies

that Plaintiff's allegation that she is a "tester" is sufficient to establish standing for this lawsuit.

12. With respect to paragraph 12, Eagle Lake admits that it is a Minnesota business corporation, that it owns and operates "Eagle Lake Family Dentistry" located at 104 Plainview St., Eagle Lake, MN 56024, and that it owns the website http://www.eaglelakedentistry.com. Eagle Lake denies that the website provides "services" to the public within the meaning of the ADA or MHRA. The remainder of the allegations in paragraph 12 are legal conclusions to which no responses are required. To the extent the remainder of the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

13. With respect to paragraph 13, Eagle Lake denies the allegations.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

14. With respect to paragraph 14 and each of its subparts, Plaintiff's characterization of the ADA and its legislative history are legal conclusions to which no responses are required.

15. With respect to paragraph 15, the allegations are legal conclusions to which no responses are required.

16. With respect to paragraph 16, the allegations are legal conclusions to which no responses are required.

## FACTUAL BACKGROUND

17. With respect to paragraph 17, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same.

18. With respect to paragraph 18, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same.

19. With respect to paragraph 19, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same.

20. With respect to paragraph 20, Eagle Lake admits the allegations.

21. With respect to paragraph 21, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake further denies that the June 2013 study by the U.S. Department of Commerce cited by Plaintiff is legally binding.

22. With respect to paragraph 22 and each of its subparts, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake further denies that the Web Content Accessibility Guidelines, version 2.0 ("WCAG 2.0") cited by Plaintiff is legally binding.

23. With respect to paragraph 23, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake specifically denies that Plaintiff has been excluded from full and equal enjoyment of any of the goods or services that it offers to the public.

24. With respect to paragraph 24, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake specifically denies that Plaintiff is at any risk of "actual and imminent future injury."

## FACTUAL ALLEGATIONS

25.   With respect to paragraph 25 and each of its subparts, Eagle Lake admits that its website offers a "get acquainted offer" of $50 off any dental service for new patients, utilizes a single "Captcha" style challenge that is commonly used on websites, and includes certain images that are not described in text, but denies the remainder of the allegations. Eagle Lake further denies that any of the features of its website violate the ADA or MHRA.

26.   With respect to paragraph 26, Eagle Lake denies the allegations.

27.   With respect to paragraph 27, Eagle Lake denies the allegations.

28.   With respect to paragraph 28, Eagle Lake denies the allegations.

## FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT

29.   With respect to paragraph 29, Eagle Lake restates and realleges its responses to each and every paragraph of this Answer.

30.   With respect to paragraph 30, the allegations are legal conclusions to which no responses are required.

31.   With respect to paragraph 31, the allegations are legal conclusions to which no responses are required. To the extent that the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

32.   With respect to paragraph 32, the allegations are legal conclusions to which no responses are required.

33.   With respect to paragraph 33, the allegations are legal conclusions to which no responses are required.

34. With respect to paragraph 34, Eagle Lake denies the allegations.

35. With respect to paragraph 35, Eagle Lake denies the allegations.

36. With respect to paragraph 36, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake specifically denies that Plaintiff is at risk of suffering "irreparable harm."

37. With respect to paragraph 37, the allegations are legal conclusions to which no responses are required. To the extent that the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

38. With respect to paragraph 38, Eagle Lake denies that Plaintiff is entitled to any relief whatsoever. Eagle Lake lacks sufficient information to admit or deny the remainder of the allegations and, therefore, denies the same.

**SECOND CAUSE OF ACTION – MINNESOTA HUMAN RIGHTS ACT**

39. With respect to paragraph 39, Eagle Lake restates and realleges its responses to each and every paragraph of this Answer.

40. With respect to paragraph 40, the allegations are legal conclusions to which no responses are required.

41. With respect to paragraph 41, the allegations are legal conclusions to which no responses are required. To the extent that the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

42. With respect to paragraph 42, the allegations are legal conclusions to which no responses are required.

43.   With respect to paragraph 43, the allegations are legal conclusions to which no responses are required.

44.   With respect to paragraph 44, Eagle Lake denies the allegations.

45.   With respect to paragraph 45, Eagle Lake denies the allegations.

46.   With respect to paragraph 46, Eagle Lake lacks sufficient information to admit or deny the allegations and, therefore, denies the same. Eagle Lake specifically denies that Plaintiff is at risk of suffering "irreparable harm."

47.   With respect to paragraph 47, the allegations are legal conclusions to which no responses are required. To the extent that the allegations are deemed to set forth factual allegations, Eagle Lake denies the same.

48.   With respect to paragraph 48, Eagle Lake denies that Plaintiff is entitled to any relief whatsoever. Eagle Lake lacks sufficient information to admit or deny the remainder of the allegations and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

Eagle Lake alleges the following affirmative defenses against Plaintiff's claims:

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to allege sufficient facts to establish plausible claims for relief under either the ADA or MHRA.

2.   Plaintiff lacks standing to bring the claims asserted due to the absence of a any injury-in-fact or any definite plans to utilize the goods and services offered by Eagle Lake.

3. Plaintiff's allegation that she is a "tester" is not sufficient to establish standing under Article III of the U.S. Constitution.

4. Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship on Eagle Lake and the relief sought by the Plaintiff is not readily achievable or not required.

5. Plaintiff's claims are barred because she never attempted to utilize any equally accessible alternatives to the goods and services at issue and she never requested any reasonable accommodations or modifications from Eagle Lake.

6. Plaintiff did not contact Eagle Lake or request that Eagle Lake make any changes to its website before initiating this lawsuit.

7. Eagle Lake's website does not constitute a "place of public accommodation" under the ADA or MHRA, and Eagle Lake does not offer goods and services over its website.

8. Eagle Lake acted reasonably and in good faith.

9. Eagle Lake did not intentionally discriminate against Plaintiff due to any alleged disability or visual impairment.

10. Plaintiff is not entitled to any relief because it is, and has been, Eagle Lake's policy to comply with the ADA, the MHRA, and any related regulations or guidelines, and no regulations or guidelines currently exist for private websites under Title III of the ADA or the MHRA.

11. Plaintiff's claim are, in whole or in part, moot, or may become moot in the near future.

12. Plaintiff's claims are barred because Plaintiff was not damaged or injured by any alleged violation of the ADA or MHRA.

13. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, laches, untimeliness, consent, and/or unclean hands.

14. Plaintiff failed to mitigate damages, if any.

15. Plaintiff's alleged damages, if any, were caused or contributed to by Plaintiff's own actions or inactions or the actions or inactions of third parties over whom Eagle Lake had no control.

16. Eagle Lake reserves the right to amend this Answer and plead additional defenses as may become available or as may appear appropriate during the course of this matter.

**WHEREFORE**, Eagle Lake respectfully requests that this Court enter judgment dismissing Plaintiff's claims with prejudice and on the merits, award Eagle Lake its attorneys fees, costs, and disbursements incurred herein as the prevailing party under 42 U.S.C. § 12205, and award any further relief to Eagle Lake as the Court deems just and proper.

Dated: October 28, 2013                          **BRIGGS AND MORGAN, P.A.**


By: s/Sally A. Scoggin
    John M. Degnan (#21817)
    Sally A. Scoggin (#98358)
    Michael C. Wilhelm (#387655)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2157
      (612) 977-8400

5787532v1